IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID ROTH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICEMAX, INC., et al.,<br><br>Defendants. | No. 05 C 236 (Consolidated with Nos. 05 C 238, 05 C 803 and 05 C 1004)<br><br>District Judge Gottschall<br>Magistrate Judge Denlow |

### DEFENDANTS' JOINT MOTION (1) TO VACATE ORDER GRANTING LEAVE TO FILE FIRST AMENDED CONSOLIDATED COMPLAINT FOR LACK OF JURISDICTION OR (2) IN THE ALTERNATIVE, TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants OfficeMax Incorporated, George J. Harad, Theodore Crumley, Thomas E. Carlile, Christopher C. Milliken, and Michael Feuer ("defendants"), by their respective undersigned counsel, respectfully move the Court to vacate its November 30, 2006 Order granting Lead Plaintiff Wayne County Employees' Retirement System ("Wayne County") leave to file its First Amended Consolidated Complaint on the ground that the Court lacked jurisdiction to enter that Order. In the alternative, defendants move the Court to dismiss the First Amended Consolidated Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, and for failure to comply with the heightened pleading requirements imposed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(b)(the "PLSRA").

In support of their Joint Motion, defendants state as follows:

1.      The First Amended Consolidated Complaint in this action is pleaded in two counts, designated as the First and Second Claims for Relief. The First Claim for Relief purports to assert a claim against each of the defendants under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), and Securities and Exchange Commission Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5. The Second Claim for Relief purports to assert a claim against all defendants for "control person" liability under Section 20(a) of the Exchange Act, 15 U.S.C. §78t(a).

2.      In a Memorandum Opinion and Order dated September 12, 2006, this Court granted defendants' motion to dismiss the Consolidated Complaint. The Court's Opinion acknowledged that plaintiffs might "seek to file an amended complaint," but did not specify a time within which plaintiffs were required to do so. In a Minute Order entered September 13, 2006, the Court specified the procedure that plaintiffs were to follow in seeking to file an amended complaint: "Plaintiffs shall have sixty (60) days from the date of this order in which *to seek leave to file* an amended complaint. If plaintiffs do not do so, the *dismissal will be with prejudice and the case terminated.*" (Emphasis supplied) As of November 13, 2006, the sixty-first day after the date of the Minute Order, Wayne County had not filed a motion for leave to file an amended complaint and, pursuant to Otis v. City of Chicago, 29 F.3d 1159 (7th Cir. 1994) and the explicit terms of the Minute Order itself, the dismissal was with prejudice and the case terminated. Thereafter, the Court was without jurisdiction to grant leave to amend and, as a consequence, the Order of November 30, 2006 granting leave to amend was void *ab initio* and should be vacated.

      3.      In the alternative, the First Amended Consolidated Complaint fails to state a claim upon which relief can be granted against any defendant and should be dismissed as to each defendant, for the following reasons:

      a)      In its September 12, 2006 Memorandum Opinion and Order, the Court admonished Wayne County that "[i]f plaintiffs seek to file an amended complaint, they should bear in mind that the complaint must allege with particularity facts that give rise to a strong inference that each individual defendant had the required state of mind, that is, 'an extreme departure from the standards of ordinary care, which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.'" Memorandum Opinion and Order at 15 (citation omitted). The First Amended Consolidated Complaint fails to allege fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and fails, "with respect to each act or omission alleged to violate" Section 10(b) and Rule 10b-5, to "state with particularity facts giving rise to a strong inference that…[each]…defendant acted with the required state of mind," as required by the PSLRA, 15 U.S.C. §78u-4(b)(2) and this Court's September 12, 2006 Memorandum Opinion and Order.

      b)      The First Amended Consolidated Complaint also fails to plead any actionable misstatements prior to Wayne County's stock purchases and therefore fails to allege the transactional and loss causation requisite to a claim under Section 10(b) and Rule 10b-5.

      c)      Because the First Amended Consolidated Complaint fails to state a primary violation of Section 10(b) and Rule 10b-5 against any defendant, it also fails to

3

state a claim upon which relief can be granted against any defendant for control person liability under Section 20(a) of the Exchange Act.

    4.    In further support of their Joint Motion, defendants respectfully refer the Court to the following memoranda submitted herewith, which set forth grounds for this motion equally applicable to all defendants and additional grounds specific to individual defendants:

    a)    defendants' proposed Omnibus Memorandum in Support of Defendants' Joint Motion (1) to Vacate Order Granting Leave to File First Amended Consolidated Complaint or (2) in the Alternative, to Dismiss for Failure to State a Claim;

    b)    Supplemental Memorandum of Defendants George Harad, Theodore Crumley and Thomas Carlile in Further Support of Defendants' Joint Motion (1) to Vacate Order Granting Leave to File First Amended Consolidated Complaint or (2) in the Alternative, to Dismiss for Failure to State a Claim;

    c)    Defendant Christopher Milliken's Supplemental Memorandum in Further Support of Defendants' Joint Motion (1) to Vacate Order Granting Leave to File First Amended Consolidated Complaint or (2) in the Alternative, to Dismiss for Failure to State a Claim;

    d)    Defendant Michael Feuer's Supplemental Memorandum in Further Support of Defendants' Joint Motion (1) to Vacate Order Granting Leave to File First Amended Consolidated Complaint or (2) in the Alternative, to Dismiss for Failure to State a Claim.

WHEREFORE, for the reasons stated herein and in the aforementioned Omnibus and Supplemental Memoranda, defendants respectfully request that the Court vacate its Order of November 30, 2006 granting Lead Plaintiff leave to file the First Amended Consolidated

Complaint for lack of jurisdiction. In the alternative, defendants respectfully request that the Court dismiss the First Amended Consolidated Complaint with prejudice for failure to state a claim upon which relief can be granted.

          Respectfully submitted,

          OFFICEMAX INCORPORATED,
          GEORGE J. HARAD, THEODORE
          CRUMLEY and THOMAS E. CARLILE,
          defendants

          By:   /s/ John W. Rotunno
                 One of their attorneys

John W. Rotunno
Erik F. Dyhrkopp
Bell, Boyd & Lloyd LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
   *Attorneys for defendants*
   *OfficeMax Incorporated,*
   *George J. Harad, Theodore Crumley,*
   *and Thomas E. Carlile*

          CHRISTOPHER C. MILLIKEN, defendant

          By:   /s/ Christopher L. Gallinari
                 One of his attorneys

Laurel G. Bellows
Christopher L. Gallinari
Bellows & Bellows
209 South LaSalle, Suite 800
Chicago, Illinois 60604
Telephone: 312.332.3340
   *Attorneys for defendant*
   *Christopher C. Milliken*

MICHAEL FEUER, defendant

By:    /s/ Thomas P. Krebs
          One of his attorneys

Phillip M. Goldberg
Thomas P. Krebs
Lisa L. Tharpe
Foley & Lardner LLP
321 N. Clark Street, Suite 3100
Chicago, Illinois 60610
Telephone: 312.832.4500
   *Attorneys for defendant Michael Feuer*

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, states that on this 19th day of January 2007, she caused the foregoing *Defendants' Joint Motion (1) To Vacate Order Granting Leave To File First Amended Consolidated Complaint For Lack Of Jurisdiction or (2) In The Alternative, To Dismiss For Failure To State A Claim* to be filed electronically with the Clerk of United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to all ECF registered counsel of record for Civil Case No. 05-236.

    The undersigned also certifies that on this 19th day of January 2007, true and correct copies of the documents described above were served upon the following non-registered attorneys by placing such copies in properly addressed envelopes, with first class postage affixed, and depositing such envelopes in the United States Mail at Chicago, Illinois:

William S. Lerach
Mark Solomon
Lerach Coughlin Stoia Geller Rudman & Robbins
655 West Broadway, Suite 1900
San Diego, California 92101

    The undersigned also certifies that on this 19th day of January 2007, true and correct copies of the documents described above were served upon the following attorneys by placing such copies in properly addressed envelopes, with first class postage affixed, and depositing such envelopes in the United States Mail at Chicago, Illinois:

Marvin A. Miller
Jennifer W. Sprengel
Nyran Rose Pearson
Miller Faucher and Cafferty LLP
30 North LaSalle Street, Suite 3200
Chicago, IL 60602

                                                                 /s/ Desiree R. Furman
                                                                     Desiree R. Furman